IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**DEBORAH L. JOYCE,**

       **Petitioner,**

v.

                                            Case No. 2:14-cv-07530

**SANDRA BUTLER, Warden,**
**FPC Alderson,**

       **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241.[1] (ECF No. 1). This matter is assigned to the Honorable Thomas E. Johnston, United States District Judge, and by Standing Order entered on February 6, 2014, was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 3). On February 24, 2014, the undersigned ordered the Respondent to show cause why the relief requested by Petitioner should not be granted. Thereafter, Respondent moved to dismiss the petition on the ground that it is merely a mislabeled 28 U.S.C. § 2255 motion, and is duplicative of another such motion currently pending before this Court. Petitioner filed a reply, conceding that she has a pending § 2255 motion asserting the same grounds as those stated in this habeas action.

---

[1] Because Petitioner is acting *pro se*, the documents which she has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

Nonetheless, Petitioner asks the Court to consider the merits of her petition.

Because the undersigned **FINDS** that Petitioner fails to state a valid basis for a writ of habeas corpus under 28 U.S.C. § 2241, the undersigned respectfully **RECOMMENDS** that the Petition for a Writ of Habeas Corpus be **DENIED**, and that Respondent's Motion to Dismiss, (ECF No. 7), be **GRANTED.**

## I. Procedural History

On April 6, 2011, the District Court sentenced Petitioner to serve concurrent 46-month terms of imprisonment after she pled guilty to one count of knowingly making a false statement to a financial institution, (Case No. 2:09-cr-00256, ECF Nos. 1 and 25), one count of conspiracy to commit bank and mail fraud, (Case No. 2:10-cr-00096, ECF Nos. 1 and 9, Count One), and one count of tax evasion, (Case No. 2:10-cr-00096, ECF Nos. 1 and 9, Count Two). Petitioner did not appeal the convictions or sentences. A separate Restitution Order was entered in these cases on January 27, 2012.[2]

On May 16, 2013, Petitioner filed a Motion to Vacate, Set Aside or Correct a Sentence by a Person in Federal Custody, pursuant to 28 U.S.C. § 2255. (Case No. 2:13-cv-11525, ECF No. 66). In that proceeding, Petitioner attacks the District Court's sentencing calculations under the advisory sentencing guidelines, arguing that enhancements for ten or more victims and for losses exceeding 2.5 million dollars overstate the number of victims and the amount of loss, resulting in an unjust term of imprisonment. Petitioner contends that the subsequent, and separate, Restitution Order entered on January 27, 2012, accurately reflects the impact of her crimes; thus, her sentence should be corrected to reflect that there were only six victims and less than 2.5

---

[2] The Order included six victims of the offenses, and total restitution in the amount of $2,336,588.55.

million dollars of loss.

On February 4, 2014, Petitioner began the instant civil action as a § 2241 petition, asserting the same allegations and seeking the same relief as that requested in her § 2255 motion.

## II. Analysis

"Those convicted in federal court are required to bring collateral attacks challenging the validity of their judgment and sentence by filing a motion to vacate sentence pursuant to 28 U.S.C.A. § 2255." *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) On the other hand, a Section 2241 habeas corpus petition is generally used by a prisoner to challenge the execution of her sentence, not the legality of her conviction or the imposition of her sentence. *Id.* The remedy under Section 2241 is not an additional, alternative, or supplemental remedy to that prescribed under Section 2255. However, in extremely limited circumstances, when a Section 2255 action proves "inadequate or ineffective," a prisoner may use a Section 2241 action to challenge an underlying conviction or sentence. *See Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (It is only when § 2255 proves inadequate or ineffective to test the legality of detention, that a federal prisoner may pursue habeas relief under § 2241). The petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 motion, *McGhee v. Hanberry,* 604 F.2d 9, 10 (5th Cir. 1979), and the mere fact that relief under Section 2255 is barred procedurally or by gatekeeping requirements does not render its remedy inadequate or ineffective. *Young v. Conley*, 128 F.Supp.2d 354, 357 (S.D.W.Va. 2001).

In this matter, Petitioner fails to assert any grounds concerning the execution of her sentence; rather, she simply repeats prior complaints regarding the number of

victims and amount of loss used by the District Court in calculating her sentence. Thus, by challenging only the validity of her sentence, Petitioner fails to state a claim under § 2241. Moreover, Petitioner offers no argument as to why Section 2255 is an inadequate method of relief. Indeed, there seems no viable argument for her to make as her Section 2255 motion remains pending. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." *Pack v. Yusuff,* 218 F.3d 448, 452 (5th Cir. 2000). Clearly, no reason exists to construe Petitioner's habeas petition as a motion to vacate, set aside, or correct a sentence; accordingly, the petition should be dismissed.

### III.     Proposal and Recommendation

Petitioner has not stated a basis for habeas relief, and has a duplicative Section 2255 motion pending. Therefore, the undersigned **PROPOSES** that the presiding District Judge adopt the findings herein and **RECOMMENDS** that Respondent's Motion to Dismiss be **GRANTED**, the petition be **DISMISSED**, and this action be **REMOVED** from the docket of the Court**.**

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of

such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Johnston and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner and counsel of record.

**FILED:** June 10, 2014

Cheryl A. Eifert
United States Magistrate Judge